Dong v. Garland

BIA
Laforest, IJ
A206 295 117

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-one.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

WENGE DONG,
> *Petitioner*,

v.                                      19-2331
                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:            Zhen Liang Li, Esq., New
                           York, NY.

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Civil Division, Paul Fiorino, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wenge Dong, a native and citizen of the People's Republic of China, seeks review of a June 21, 2019 decision of the BIA affirming a February 1, 2018 decision of an Immigration Judge ("IJ") denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wenge Dong*, No. A206 295 117 (B.I.A. June 21, 2019), *aff'g* No. A206 295 117 (Immig. Ct. N.Y. City Feb. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v.*

2

*Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *accord Hong Fei Gao*, 891 F.3d at 76–77.

Applying these standards, we conclude that substantial evidence supports the agency's determination that Dong was not credible as to his claim that police in China detained and beat him for organizing protests against a corrupt employer who had laid him off and later terminated his

3

employment. First, the IJ found Dong's demeanor evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is supported by the record, which shows that Dong provided unresponsive answers to questions about his alleged beating, gave contradictory and nonsensical answers to questions about how he was able to recall in which month he started a new job after his termination, and avoided answering questions as to whether he had noticed inaccuracies in his employer's termination notice. Accordingly, we afford "particular deference" to the IJ's demeanor finding. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Second, the IJ's demeanor finding and adverse credibility determination as a whole were further supported by Dong's inconsistent evidence regarding when he last organized a protest against his employer and what job he had held at his employer's place of business. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Dong did not compellingly explain these inconsistencies. *See* 8 U.S.C.

4

§ 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Next, having questioned Dong's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably declined to credit unsworn letters from his mother and coworker, because neither was subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were not substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin*

*Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Further, the IJ was not compelled to credit the Public Security Administrative Penalty Decision or the certificate provided by Dong's doctor. *See Y.C.*, 741 F.3d at 332.

These demeanor, inconsistency, and corroboration findings amount to substantial evidence supporting the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Dong's claims for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court